IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

NEW HORIZON TELECOM, INC., )
)
    Plaintiff, )
)
vs. )
)
. EVEREST INDEMNITY )
INSURANCE COMPANY, )
)
    Defendant. )
_____ )

COPY
Original Received
NOV 1 6 2018
Clerk of the Trial Courts

Case No. 3AN-18- 105 44 CI

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

## COMPLAINT

COMES NOW the plaintiff, NEW HORIZON TELECOM, INC., by and through its attorneys, BARBER & ASSOCIATES, LLC, and for its complaint against defendant EVEREST INDEMNITY INSURANCE COMPANY, does state and allege as follows:

1. At all times material hereto, the plaintiff was and is an Alaska corporation headquartered in the Third Judicial District.

2. At all times material hereto, the defendant was and is a Delaware insurance company doing business in the Third Judicial District.

3. On or about 11/28/16, one of the plaintiff's employees learned that a part on a generator belonging to the plaintiff which was located at a project on State land near Livengood, Alaska broke and caused pollution damage by leaking diesel fuel.

4286/01 Complaint
New Horizon Telecom, Inc. v. Everest Indemnity Ins. Co.
Page 1

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

4.   At all times material hereto, the defendant insured the plaintiff for liability claims of pollution damage up to $1,000,000.00 per occurrence and for emergency response expenses for reasonable pollution clean up costs up to $1,000,000.00 per occurrence.

5.   The plaintiff incurred reasonable emergency response pollution clean up costs.

6.   The State claimed that the plaintiff was liable for pollution damages.

7.   The plaintiff incurred reasonable expenses to remedy pollution damages and expects to incur further damages.

8.   On or about 7/14/17, the plaintiff, through its broker, made a claim to the defendant for the fuel spill.

9.   The defendant was required to fully disclose to the plaintiff all relevant benefits and other provisions of coverage under which a claim may be covered and to assist the plaintiff in its claims.

10.   The plaintiff's claims to the defendant were first-party claims.

11.   The defendant was required to be objective, even-handed and unbiased in its investigation, evaluation, and payment of claims arising from the fuel spill.

12.   The defendant was obligated to provide legal assistance to the plaintiff in the event necessary to assist with the State's claims of liability for pollution damage,

4286/01 Complaint
New Horizon Telecom, Inc. v. Everest Indemnity Ins. Co.
Page 2

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

or otherwise advise the plaintiff of its right to obtain legal counsel at its own expense if not provided by the defendant.

13. The defendant is liable for the actions, and/or failures to act, of its employees and/or agents under theories of vicarious liability and/or agency and/or respondeat superior.

14. The defendant was required, within 10 working days after receipt of notification of a claim, to give written acknowledgment to the plaintiff identifying the person handling the claim, including the person's name, address, telephone number, the firm name, and the file number pursuant to 3 AAC 26.040(a).

15. The defendant was required to advise the plaintiff in writing of the acceptance or denial of the claim within 15 working days after receipt pursuant to 3 AAC 26.070(a)(1).

16. Written denial of the claim must state the specific provisions, conditions, exclusions, and facts upon which the denial is based; if additional time is needed to determine whether the claim should be accepted or denied, written notification giving the reasons that more time is needed shall be given to the first-party claimant within the 15 day deadline pursuant to 3 AAC 26.070(a)(1).

17. While the investigation remains incomplete, additional written notification shall be provided 45 working days from the initial notification, and no more than every 45 working days from the initial notification, and no more than every 45

4286/01 Complaint
New Horizon Telecom, Inc. v. Everest Indemnity Ins. Co.
Page 3

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

working days thereafter giving the reasons that additional time is necessary to complete the investigation pursuant to 3 AAC 26.070(a)(1).

18. The defendant was required to complete its investigation of the plaintiff's claims within 30 working days, unless the investigation could not be completed using due diligence pursuant to 3 AAC 26.050(a).

19. If the defendant's investigation could not be completed within 30 working days, the defendant was required to give written notification to the plaintiff that specifically stated the need and reasons for additional investigative time and also specified the additional time required to complete the investigation, and that notification was required to be given no later than the 30th working day after notification of the claim was first received. 3 AAC 26.050(b).

20. The defendant failed to provide written acknowledgment to the plaintiff identifying the person handling the claim, including the person's name, address, telephone number, the firm name, and the file number within 10 working days after receipt of notification of plaintiff's claim.

21. The defendant failed to advise the plaintiff in writing of the acceptance or denial of the claim within 15 working days after receipt.

22. The defendant failed to advise the plaintiff in writing that additional time was needed to determine whether the claim should be accepted or denied.

4286/01 Complaint
New Horizon Telecom, Inc. v. Everest Indemnity Ins. Co.
Page 4

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

23. The defendant failed to provide written notification within 15 days giving the reasons why more time was needed to accept or deny plaintiff's claim.

24. The defendant failed to provide additional written notifications every 45 working days from the initial notification giving the reasons that additional time was necessary to complete the investigation of the plaintiff's claim.

25. The defendant failed to complete its investigation of the plaintiff's claims within 30 working days.

26. The defendant failed to give written notification to the plaintiff that specifically stated the need and reasons for additional investigative time and also specified the additional time required to complete the investigation within 30 working day after notification of the claim was first received.

27. The defendant failed to fully disclose to the plaintiff all relevant benefits and other provisions of coverage under which a claim may be covered and to assist the plaintiff in its claims.

28. The defendant failed to be objective, even-handed and unbiased in its investigation, evaluation, and payment of claims arising from the fuel spill.

29. The defendant failed to provide legal assistance to the plaintiff or advise the plaintiff of its right to obtain legal counsel at its own expense.

30. Violation of a standard set forth in Alaska Administrative Code Provisions 3AAC 26.010-.300 is an unfair or deceptive act.

4286/01 Complaint
New Horizon Telecom, Inc. v. Everest Indemnity Ins. Co.
Page 5

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

31. The defendant's first written response to the 7/14/17 notification of claim was its 12/20/17 letter to the plaintiff advising of its reservation of rights.

32. As of the date of this Complaint, the defendant has failed to provide a written denial of the 7/14/17 claims.

33. The defendant's unreasonable investigation and/or evaluation and/or provision of defense and/or denial of payment were substantial factors in causing harm to the plaintiff for which the defendant is liable.

34. The defendant is liable for breach of contract.

35. The defendant negligently adjusted the plaintiff's claims which was a substantial factor in causing harm to the plaintiff for which the defendant is liable.

36. The defendant recklessly adjusted the plaintiff's claims which was a substantial factor in causing harm to the plaintiff for which the defendant is liable.

37. The plaintiff was unfairly prejudiced by the defendant's unreasonable delay in reserving rights and/or denying payment.

38. The defendant was not unfairly prejudiced by any timing of the plaintiff in making the claims.

39. The defendant intentionally delayed reservation of rights and/or denied payments.

40. The defendant took actions in defending and preserving claims.

4286/01 Complaint
New Horizon Telecom, Inc. v. Everest Indemnity Ins. Co.
Page 6

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX:   (907) 276-5817

41.  The plaintiff reasonably relied upon actions taken by the defendant in handling the claim.

42.  The defendant was equitably estopped from reserving rights.

43.  The defendant was and is equitably estopped from denying payment.

44.  The defendant is liable for breach of the covenant of good faith and fair dealing.

45.  The defendant's conduct evidenced reckless disregards to the interests of the plaintiff and/or was outrageous.

46.   The defendant is liable for past and/or future: pollution damage, emergency response expenses for reasonable pollution clean up cost, loss of capital, business disruption, loss of business opportunity, inconvenience and other non-pecuniary damages to be more fully set forth at trial, all in an amount greater than $100,000.00 (ONE HUNDRED THOUSAND DOLLARS), the exact amount to be set by the trier of fact.

47.  The defendant is liable for punitive and/or exemplary damages.

WHEREFORE, having fully pled plaintiff's complaint, plaintiff requests a judgment against defendant for an amount greater than $100,000.00 (ONE HUNDRED THOUSAND DOLLARS) to be established by the trier of fact, injunctive relief, plus interest, costs and attorney fees and such other relief as the court deems just.

4286/01 Complaint
New Horizon Telecom, Inc. v. Everest Indemnity Ins. Co.
Page 7

DATED at Anchorage, Alaska this 15TH day of November, 2018.

BARBER & ASSOCIATES, LLC
Attorneys for Plaintiff

By: _____
JEFF BARBER
AK Bar #0111058

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

4286/01 Complaint
New Horizon Telecom, Inc. v. Everest Indemnity Ins. Co.
Page 8